IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. ESOMO, | ) | |
| #A74-407-696, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1814-K |
| | ) | |
| ANGELA K. BARROWS, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This civil action seeks judicial review of the denial of an application for naturalization by U.S. Citizenship and Immigration Services (CIS). *See* 8 U.S.C. § 1421(c).

Parties: Plaintiff Christopher L. Esomo ("Esomo") resides in Euless, Texas. Defendants are CIS Dallas District Director Angela K. Barrows, Homeland Security Secretary Michael Chertoff, CIS Director Emilio Gonzales, former U.S. Attorney General Alberto R. Gonzales, and FBI Director Robert S. Muller, III.

The court previously granted Defendant Muller's motion to dismiss on jurisdictional grounds. *See* March 4, 2008 Order Accepting Findings and Conclusions of the Magistrate Judge. Presently at issue is the motion to dismiss for lack of subject matter jurisdiction filed by the remaining defendants in this case. Plaintiff objected to the motion to dismiss, and Defendants filed a reply.

Statement of Case: Esomo, a native of Nigeria, was admitted to the United States as a lawful permanent resident on December 12, 1996. On September 29, 2005, Plaintiff filed his second application for naturalization with CIS. On May 31, 2007, contemporaneously with the issuance of a Notice to Appear (NTA) in removal proceedings, CIS denied Esomo's application for naturalization based solely on the issuance of the NTA. CIS affirmed the denial on September 17, 2007, again based on the issuance of the NTA. Thereafter, on October 30, 2007, Esomo filed this action seeking judicial review of the denial of his naturalization application. (Amd. Compl. at 1).

U.S. Immigration and Customs Enforcement ("ICE") reviewed the NTA in its normal course of business, and on February 11, 2008, amended it by adding an additional charge of removal. (Defendants' Reply at 2-3 and at Exhs. 1 and F). ICE then filed the amended NTA with the immigration court on February 12, 2008. (*Id*. at Exh. 1). Removal proceedings are presently pending against Esomo before an immigration court in Dallas. A Master Calendar Hearing, initially set for May 19, 2008, was rescheduled for August 25, 2008. Esomo is represented by counsel in his removal proceedings.

Findings and Conclusions: "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001).

In 1990, Congress removed naturalization jurisdiction from the district courts and vested

the Attorney General with "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a) (1990). Congress, however, gave district courts the authority to conduct *de novo* review of the final denial of a naturalization application. *See* 8 U.S.C. § 1421(c) (1990).[1]

Congress also amended 8 U.S.C. § 1429 -- also known as the "priority provision" -- to prohibit the Attorney General from considering the naturalization application of an alien against whom there is pending a deportation proceeding. Section 1429 reads as follows: "[N]o application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act." Shortly after § 1429 was implemented, the Supreme Court stated that the purpose of § 1429 was to "end th[e] race between the alien to gain citizenship and the Attorney General to deport him." *Shomberg v. United States*, 348 U.S. 540, 544, 75 S. Ct. 509 (1995).

In their Motion to Dismiss, Defendants argue that § 1429 divests the District Court of jurisdiction to hear the complaint in this case under § 1421(c). In response, Petitioner argues that the plain language of § 1429 merely strips the Attorney General of the power to naturalize an alien during removal proceedings, but has no effect on the jurisdiction of this Court to hear his complaint.

---

[1] That statute reads as follows:
A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c).

The Fifth Circuit has not decided the specific jurisdictional question raised by the Defendants. In *Saba-Bakare v. Chertoff*, 507 F.3d 337, 341 (5th Cir. 2007), which involved an unusual factual scenario, the Circuit concluded that district courts lack jurisdiction to declare an individual prima facie eligible for naturalization when removal proceedings are pending because the 1990 amendment of § 1421 "granted the Attorney General exclusive authority to naturalize aliens, removing the authority that courts had previously held to naturalize aliens."[2]

Esomo does not request to be declared prima facie eligible for naturalization. He only seeks *de novo* judicial review under § 1421(a) of the denial of his naturalization application on the ground that removal proceedings are pending. (*See* Amd. Compl. at 1-2)

Courts, who have examined this jurisdictional issue, including the Sixth and Ninth

---

[2] After the issuance of the NTA, Saba-Baker filed an application for naturalization. *Saba-Bakare,* 507 F.3d at 338-39. Because § 1429 precluded the Attorney General from considering his application, he filed a motion to terminate removal proceedings with the immigration court under 8 C.F.R. § 1239.2(f), arguing that he could establish prima facie eligibility for naturalization and present exceptionally appealing or humanitarian factors. *Id.* at 339. The immigration court denied the motion to terminate, and CIS proceeded to deny the application for naturalization on the merits concluding he was not prima facie eligible for naturalization because of a previous conviction. *Id.* Following exhaustion of administrative remedies and the filing of a petition for review in district court, CIS realized that it had lacked authority to consider and deny on the merits the application for naturalization because of the pending removal proceedings. *Id.* Therefore, it re-opened the naturalization application. *Id.* The district court formally vacated the CIS's decision denying naturalization, remanded the application for consideration when the removal proceedings have ended, and declined to review the CIS's determination that plaintiff was not prima facie eligible for naturalization. *Id.* at 340.
The Fifth Circuit found the pending removal proceedings deprived CIS of the authority to consider the naturalization application, CIS attempted to remedy the error by re-opening the naturalization proceedings, and the district court formally remedied the error by vacating CIS's denial of the naturalization application. *Id.* The Court concluded that "[a]s the initial denial of [the] application has no continuing legal effect, neither it nor the underlying findings of the USCIS can now be reviewed under 8 U.S.C. § 1421(c)." *Id.* The Court agreed that the district court lacked jurisdiction to declare Saba-Bakare prima facie eligible for naturalization. *Id.* at 341.

Circuits, have concluded that district courts retain jurisdiction under § 1421(c) to review denied applications for naturalization while removal proceedings are pending, but that § 1429 limits the courts' scope of review and available remedies. *De Lara Bellajaro v. Schiltgen,* 378 F.3d 1042, 1046 (9th Cir. 2004); *Zayed v. United States,* 368 F.3d 902, 906 (6th Cir. 2004). These courts reason that § 1429 has no bearing on a district court's jurisdiction to review denial of naturalization applications during the pendency of removal proceedings and that it would be inappropriate to find otherwise. *Bellajaro*, 378 F.3d at 1046; *Zayed*, 368 F.3d at 906. However, "the restraints that § 1429 imposed upon the Attorney General prevent a district court from granting effective relief under § 1421(c) so long as removal proceedings are pending." *Zayed*, 368 F.3d at 906.

The court in *Bellajaro* went on to hold that "[w]here . . . the [former] INS has denied an application for naturalization on the basis of § 1429 because removal proceedings are pending, the district courts have jurisdiction to review the denial but the scope of review is limited to 'such' denial." 378 F.3d at 1046-47. *See also Zayed*, 368 F.3d at 906 (noting that "[w]here the [former] INS has denied an application for naturalization on the ground that removal proceedings are pending, . . . the district court's de novo review is limited to review of that threshold determination."). *Cf. See also Trujillo v. Barrows*, 2006 WL 3759903 (E.D. Tex. Nov. 8, 2006) (concluding district court had jurisdiction under § 1421(c) to consider merits denial of application for naturalization, but staying action until the conclusion of removal proceedings because in light of § 1429 court is without power to order the Attorney General to do something

5

he is otherwise barred by statute from doing).[3]

This court agrees with the rationale in *Bellajaro* and *Zayed*. Section 1421(c) clearly grants this court jurisdiction to review the denial of an application for naturalization. However, in a case such as the one at hand, where CIS denied review because the NTA had been issued, review is limited to whether CIS properly denied the application on that ground. *See Farghaly v. Frazier*, 404 F.Supp.2d 1125, 1126-27 (D. Minn. 2005) (relying on *Bellajaro* and *Zayed* to find jurisdiction to review denial of application for naturalization because of pending removal proceedings, but concluding review is limited to whether application was properly denied under § 1429); *see also Ajay v. Gonzalez*, 2007 WL 1299325, *2-4, No. 06-6241-AA (D. Or. Apr. 30, 2007) (unpublished op.) (same); *Berlovan v. Gonzales*, 2007 WL 1965595, No. 1:07cv039 (N.D. Ohio Jul. 3, 2007) (unpublised op.) (same; insofar as plaintiff sought merits determination that he had good moral character, court found that it lacked jurisdiction to grant the requested relief); *Ibrahim v. Department of Homeland Security*, 2005 WL 2230152, No. C-05-0139 (S.D. Tex. Sep. 13, 2005) (unpublished) (finding jurisdiction to review denial of application for

---

[3] *Contra Apokarina v. Ashcroft*, 232 F.Supp.2d 414, 416-17 (E.D. Pa. 2002) (relying on pre-1990 case law to conclude court lacked jurisdiction to review denial of naturalization application), *remanded but not reversed* to reconsider in light of 1990 amendments, 93 Fed. Appx. 469, 2004 WL 742286 (3d Cir. 2004) (unpublished); *See, e.g., Tellez v. INS*, 91 F.Supp.2d 1356, 1360-62 (C.D. Cal. 2000) (relying on pre-1990 case law and and holding that the court currently lacked jurisdiction because the alien's naturalization application was ongoing); *Mosleh v. Strapp,* 992 F.Supp. 874, 875 (N.D.Tex. 1998) (court lacked subject matter jurisdiction to consider complaint seeking declaration that individual was entitled to be naturalized citizen where deportation proceedings were reinstituted prior to filing of suit in district court). *See also Ogunfuye v. Acosta,* 2005 WL 1607034, *2-3 (S.D.Tex. 2005), *affirmed* 210 Fed. Appx. 364, 2006 WL 3627144 (5th Cir. 2006) (unpublished *per curiam*) (government's inaction on naturalization application due to ongoing removal proceedings was not a legitimate basis for district court to exercise jurisdiction under 8 U.S.C. § 1447(b)); *Rodriguez v. Meissner,* 2005 WL 887709 (N.D.Tex. 2005) (concluding that district court cannot order alien naturalized during pendency of removal proceedings).

naturalization when removal proceeding are pending, but noting that case was not ripe because NTA had not been filed with the immigration court).

Esomo argues that he was not in removal proceedings at the time of the denial of his application for naturalization and administrative appeal. While the NTA had been issued, he claims it was not filed with the immigration court. (Plaintiff's Response at 2-3). Relying on 8 CFR § 1239.1, he argues that removal proceedings are commenced with the "filing" of the NTA with the immigration court. (Plaintiff's Response at 2-3). According to him, mere issuance of the NTA does not constitute "commencement of proceedings" under § 1239.1. (*Id.*).

In *DeLeon-Holguin v. Ashcroft*, 253 F.3d 811, 815 (5th Cir. 2001), the Fifth Circuit "h[e]ld that removal proceedings commence when the INS files the appropriate charging document with the immigration court." This rule is now codified in the relevant regulations as Plaintiff alleges. *See* 8 C.F.R. § 1239.1(a) ("Every removal proceeding conducted under section 240 of the Act (8 U.S.C. § 1229(a)) to determine the deportability or inadmissibility of an alien is commenced by the filing of a notice to appear with the immigration court.").

The clerk of the immigration court confirmed telephonically that Esomo's NTA, along with its amendment, was filed in immigration court on February 12, 2008, where it is currently pending. *See* Defendant's Reply at 3 and Exh. F, Appx. pages 13-15. Any delay between the initial issuance of the NTA and its filing with the immigration court does not justify Esomo's argument that removal proceedings were not and are not presently pending against him. *Cf. Ibrahim v. Department of Homeland Security*, 2005 WL 2230152 (S.D. Tex. Sep. 13, 2005) (unpublished) (concluding that removal proceedings had not commenced against plaintiff where NTA had been issued, but not yet filed with any immigration court; thus court did not need to

decide whether on-going removal proceedings required it to stay an action brought under 8 U.S.C. § 1447(b) because more than 120 days had passed since date of examination of naturalization application).

Regardless of when removal proceedings technically commenced, CIS denied Esomo's application for naturalization on the sole ground that the NTA had been issued -- i.e., that removal proceedings were pending. CIS at no time issued a final decision denying his application for naturalization on the merits. He concedes as much in his amended complaint. Consequently, there is no basis for a substantive review of Esomo's naturalization application at this time.

Esomo relies on *Saad v. Barrows*, 2004 WL 1359165, No. 3:03-CV-1342-G (N.D. Tex. 2004), and *Ngwana v. Attorney General*, 40 F.Supp.2d 319 (D. Md. 1999). The facts of those cases are inapposite. *Saad* and *Ngwana* both involved the denial <u>on the merits</u> of an application for naturalization. The NTA issued *after* the former INS had denied the naturalization application on the merits. In both cases, the district court found that it had jurisdiction to review the denial of the application on the merits despite the pendency of removal proceedings. *See Saad*, 2004 WL 1359165, at *4-5; *Ngwana*, 40 F.Supp.2d at 321-22; *see also Kestelboym v. Chertoff*, 538 F.Supp.2d 813, 818 (D. New Jersey 2008); *Gatcliffe v. Reno*, 23 F.Supp.2d 581, 583 (D. Virgin Islands 1998) (same). *But see Trujillo v. Barrows*, 2006 WL 3759903 (E.D. Tex. Nov. 8, 2006) (finding jurisdiction under § 1421(c) to consider merits denial of application for naturalization, but staying action until the conclusion of removal proceedings because in light of § 1429 court is without power to order the Attorney General to do something he is otherwise barred by statute from doing).

The only question for *de novo* review in this case is whether Esomo's application for naturalization was properly denied under 8 U.S.C. § 1429. The language of that statute is clear. If removal proceedings are brought, an application for naturalization can not be considered. *Bellajaro,* 378 F.3d at 1046-47; *Zayed,* 368 F.3d at 906. In this case, Esomo cannot demonstrate that the non-substantive ruling -- denying his application for naturalization because of the issuance of the NTA -- was incorrect. Therefore, his petition should be dismissed.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendants' motion to dismiss for lack of subject matter jurisdiction [Doc. # 8] be DENIED, that the District Court find that it has jurisdiction under 8 U.S.C. § 1421(c) to conduct *de novo* review of the denial of Plaintiff's application for naturalization, but that the Court's jurisdiction be LIMITED to a determination of whether removal proceedings are pending against the Plaintiff. It is further recommended that the case be DISMISSED because Plaintiff cannot demonstrate that the non-substantive ruling -- denying his application for naturalization because of the issuance of the NTA -- was incorrect.

A copy of this recommendation will be transmitted to counsel for Plaintiff and counsel for Defendants.

Signed this 2nd day of July, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this

recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.